UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-81474-CIV-COHN/SELTZER

TESSIE M. ROBB and BARNEY ROBB,

    Plaintiffs,

v.

RAHI REAL ESTATE HOLDINGS LLC,
FLORIDA DEFAULT LAW GROUP P.L.,
and ROBERT SCHNEIDER,

    Defendant.

_____/

## ORDER GRANTING MOTIONS TO DISMISS

**THIS CAUSE** is before the Court on Defendant Rahi Real Estate Holdings,

LLC's Motion to Dismiss [DE 6] ("Rahi Motion to Dismiss") and Defendants Florida

Default Law Group, P.L. ("FDLG") and Robert Schneider's Joint Motion to Dismiss [DE

17] ("FDLG and Schneider's Motion to Dismiss"). The Court has considered both

Motions to Dismiss, Plaintiffs Tessie M. Robb and Barney Robb's Response to Rahi's

Motion to Dismiss [DE 12], Plaintiffs' Response to FDLG and Schneider's Motion to

Dismiss [DE 27], Rahi's Reply [DE 16], and FDLG and Schneider's Reply [DE 29]. The

Court has also considered Plaintiffs' Motion to Strike [DE 19] ("Motion to Strike")[1],

Rahi's Response to the Motion to Strike [DE 21], and the record in this case, and is

otherwise advised in the premises.[2]

---

[1] The Motion to Strike was originally filed *ex parte*, but the Court, seeing no
reason why the filing should not be public, unsealed the motion. DE 23.

[2] The Court notes that Plaintiffs did not file a Reply in support of the Motion to
Strike and the time for doing so has passed.

## I. BACKGROUND

This case arises out of a mortgage foreclosure action filed by Rahi against Plaintiffs in the Circuit Court of the Fifteenth Judicial Circuit for Palm Beach County, Case No. 2010-CA 016515 ("Foreclosure Action"). Complaint [DE 1] ¶¶ 15-16; Mortgage Foreclosure Complaint, Exhibit A to Rahi's Mot. to Dismiss [DE 6-1] ("Foreclosure Complaint"). FDLG and Schneider filed the Foreclosure Action as counsel for Rahi. See Compl. ¶¶ 15-16.

The Foreclosure Action concerns Plaintiffs' property at 3709 Nyack Lane, Greenacres, Florida 33463. Compl. ¶ 9. In that case, Rahi alleges that it is entitled to enforce a promissory note and mortgage that Plaintiffs executed on April 15, 2005. Foreclosure Compl. ¶¶ 3-4; Compl. ¶ 10. Plaintiffs state that they executed the promissory note and mortgage with Quicken Loans, Inc. as the lender, Compl. ¶ 10, and that Rahi has no interest in their property, id. ¶ 12.

According to the Complaint in this case, on March 19, 2010, FDLG sent a debt collection letter to Plaintiffs on behalf of Rahi, identifying FDLG as a debt collector and stating the amount due to Rahi. Compl. ¶ 13. On June 18, 2010, FDLG sent Plaintiffs a second debt collection letter. Id. ¶ 14. Five days later, on June 23, 2010, FDLG filed the Foreclosure Action. Id. ¶ 15.

On November 15, 2010, Plaintiffs filed the instant action. Based on Defendants' sending the two letters and filing the Foreclosure Action, Plaintiffs bring the following claims: reckless and intentional infliction of emotional distress (Count I); civil conspiracy (Count II); conspiracy to interfere with civil rights, 42 U.S.C. § 1985 (Count III); fraud and negligent misrepresentation (Count IV); unfair debt collection practices, 15 U.S.C. §

2

1692 *et seq.* (Count V); and declaratory judgment, 28 U.S.C. §§ 2201-2202 (Count VI). Rahi filed its Motion to Dismiss on January 31, 2011.  Plaintiffs then moved to strike an exhibit to Rahi's Reply on March 16, 2011.  Mot. to Strike.  Finally, FDLG and Schneider filed their Motion to Dismiss on March 16, 2011.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom.  Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty.

Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

Furthermore, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Nevertheless, the Court does not have a "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## III. ANALYSIS

Both Rahi's Motion to Dismiss and FDLG and Schneider's Motion to Dismiss request that the Court dismiss Plaintiffs' Complaint with prejudice.  Plaintiffs' Motion to Strike requests that the Court strike the Assignment of Mortgage attached to Rahi's Reply, Exhibit A to Rahi's Reply [DE 16-1].  For the reasons discussed below, the Court will deny the Motion to Strike and will grant both Motions to Dismiss.

### A. Plaintiffs' Motion to Strike

Plaintiffs move to strike the Assignment of Mortgage because it "was manufactured *after the fact*, represents a fraud on this court and must be stricken." Mot. to Strike. ¶ 11.  Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "'A motion to strike is a drastic remedy,' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F.

Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting <u>Augustus v. Bd. of Pub. Instruction of</u> <u>Escambia Cnty., Fla.</u>, 306 F.2d 862, 868 (5th Cir. 1962)). By its plain language, Rule 12(f) only permits courts to strike material contained in "a pleading." <u>See</u> Fed. R. Civ. P. 12(f). Rule 7(a) defines pleadings as a complaint or third-party complaint, an answer to a complaint, counterclaim, crossclaim, or third-party complaint, or a reply to an answer. Fed. R. Civ. P. 7(a).

The Assignment of Mortgage that Plaintiffs wish to strike is an exhibit attached to Rahi's Reply in support of Rahi's Motion to Dismiss. Exhibits attached to dispositive motions are not pleadings within the definition of Rule 7(a). <u>See id.</u> Therefore, the Court will deny Plaintiffs' Motion to Strike.

### B. Motions to Dismiss

Both Motions to Dismiss seek dismissal for failure to state a claim upon which relief can be granted. The Court evaluates both motions together, discussing each count in turn.

### 1. Reckless and Intentional Infliction of Emotional Distress (Count I)

A Plaintiff claiming intentional infliction of emotional distress must allege: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." <u>Liberty Mut.</u> <u>Ins. Co. v. Steadman</u>, 968 So. 2d 592, 594 (Fla. App. 2007). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." <u>Id.</u> (citations and quotations omitted). The "court must evaluate the conduct as objectively as is possible to determine whether it is atrocious, and utterly

intolerable in a civilized community." Id. at 595 (citations and quotations omitted).

Defendants' conduct included sending Plaintiffs two pre-suit letters and filing a lawsuit against them in state court. Compl. ¶¶ 13-15. Such actions do not amount to outrageous and extreme conduct that goes beyond the bounds of decency, nor are the actions atrocious or utterly intolerable in a civilized community. See Steadman, 968 So. 2d at 594-95.[3] Any emotional reaction that Plaintiffs experienced is irrelevant to the Court's analysis, as subjective reactions are not controlling in a claim for infliction of emotional distress. See State Farm Mur. Auto. Ins. Co. v. Novotny, 657 So. 2d 1210, 1212 (Fla. Dist. Ct. App. 1995); see also Steadman, 968 So. 2d at 595 (the court must evaluate objectively); Clemente v. Horne, 707 So. 2d 865, 866 (Fla. Dist. Ct. App. 1998) ("The anxiety and/or stress associated with being constructively evicted from one's residence . . . is certainly understandable. It is not, however, the type of conduct that is so outrageous in character and so extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized community."). The remaining allegations under Count I consist of a list of the elements required for this cause of action. See Compl. ¶ 37. Such "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545. Therefore, Count I must fail for failure to state a claim upon which relief can be granted.

---

[3] Additionally, FDLG and Schneider's actions amounted to legal representation on behalf of a client. Florida law recognizes a privilege to engage in reckless or outrageous behavior if the defendant "did no more than assert legal rights in a legally permissible way." Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 279 (Fla. 1985). Thus, even if sending two letters and filing a lawsuit constituted reckless or outrageous behavior, FDLG and Schneider were privileged to engage in such behavior.

## 2. Civil Conspiracy
### (Count II)

Under Florida common law, "[a] civil conspiracy requires: [1] an agreement between two or more parties, [2] to do an unlawful act or to do a lawful act by unlawful means, [3] the doing of some overt act in pursuance of the conspiracy, and [4] damage to plaintiff as a result of the acts done under the conspiracy." Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. Dist. Ct. App. 1997). The conspiracy also "requires an actionable underlying tort or wrong." Id.

Plaintiffs allegations that Defendants sent them two letters and filed a lawsuit against them do not demonstrate an "unlawful act or a lawful act by unlawful means." See id. Plaintiffs contend that the Foreclosure Action amounted to an "unlawful objective of permanently dispossessing the Plaintiff[s] of their real property and related equity therein," Compl. ¶ 40, but Plaintiffs have not shown that the Foreclosure Action or either of the pre-suit letters was unlawful. Rather, the Complaint and the applicable exhibits demonstrate that Defendants merely sought to enforce a security interest through the judicial procedure required under Florida law. If Plaintiffs dispute the allegations contained in the Foreclosure Complaint, those objections are properly raised before the state court reviewing that case.

Finally, even if Plaintiffs were able to plead that Defendants committed an "unlawful act or a lawful act by unlawful means," their civil conspiracy claim is barred by the intracorporate conspiracy doctrine. According to the intracorporate conspiracy doctrine, because a corporation can only act through its corporate agents, the corporation cannot conspire with itself, and "[g]enerally speaking, neither an agent nor

7

an employee can conspire with his or her corporate principal or employer." Lipsig v. Ramlawi, 760 So. 2d 170, 180 (Fla. Dist. Ct. App. 2000); see also McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1037 (11th Cir. 2000) ("it is not legally possible for a single legal entity consisting of the corporation and its agents to conspire with itself.").[4]  As FDLG's employee, Schneider cannot conspire with FDLG.  See Lipsig, 760 So. 2d at 180; McAndrew, 206 F.3d at 1036.  As legal counsel for Rahi in the Foreclosure Action, FDLG and Schneider are Rahi's agents, so neither can conspire with Rahi.  See Lipsig, 760 So. 2d at 180; McAndrew, 206 F.3d at 1036.  Accordingly, Count II fails as a matter of law, and the Court will dismiss Plaintiffs' civil conspiracy claim with prejudice.

### 3. Conspiracy to Interfere With Civil Rights, 42 U.S.C. § 1985 (Count III)

Plaintiffs bring this count pursuant to 42 U.S.C. § 1985, but they do not specify which sub-section of the statute they invoke.  Sub-section (1) applies to interference with federal officers' duties, sub-section (2) applies to obstruction of justice, and sub-section (3) applies to deprivations of rights or privileges.  See 42 U.S.C. § 1985(1), (2), (3).  Plaintiffs make no allegations regarding interference with federal officers' duties or obstruction of justice.  Rather, Plaintiffs appear to bring this claim under sub-section (3).

To plead a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;

---

[4] The exception to the intracorporate conspiracy doctrine applies when the agent is acting in his own interests that are distinct and separate from the corporation's interest.  Lipsig, 760 So. 2d at 180.  This is not the case here.

and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in

his person or property or deprived of any right or privilege of a citizen of the United

States." Childree v. UAP/GA CHEM, Inc., 92 F.3d 1140, 1147 (11th Cir. 1996).  The

second element requires Plaintiffs to show "some racial, or perhaps otherwise class-

based, invidiously discriminatory animus behind the conspirators' action." United

Brotherhood of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S.

825, 829 (1983) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).  In other

words, § 1985 is limited to actions for discrimination based on race or another protected

class.

Plaintiffs allege that "[t]he civil rights of the Plaintiffs with respect to their real

property have been violated," Compl. ¶ 45, and that Defendants "in a concerted act,

have interfered with the private rights to real property and possession thereof," id.  The

Complaint contains no allegations based on race or any other protected class.

Therefore, this count must be dismissed, because Plaintiffs have not stated a claim for

conspiracy to interfere with civil rights.[5]

---

[5]  Though Plaintiffs title this count "Conspiracy To Interfere With Civil Rights 42
U.S.C. §1985," Compl. at 11, the allegations include a statement that defendants
"conspired to violate or interfere with plaintiff[s'] rights under 42 U.S.C. §[§] 1981 and
1982 . . .," id. ¶ 45.  To the extent that Plaintiffs bring this count under §§ 1981 and
1982, the Court notes that the count still merits dismissal. Sections 1981 and 1982
require that Plaintiffs show that their property interests were impaired based on their
race.  See 42 U.S.C. § 1981(a) ("All persons within the jurisdiction of the United States
shall have the same right . . . as is enjoyed by white citizens . . ."); 42 U.S.C. § 1982
("All citizens of the United States shall have the same right, in every State and Territory,
as is enjoyed by white citizens . . ."); see also Domino's Pizza, Inc. v. McDonald, 546
U.S. 470, 480 (2006) ("Section 1981 plaintiffs must identify injuries flowing from a
racially motivated breach of their own contractual relationship . . ."); Shaare Tefila
Congregation v. Cobb, 481 U.S. 615, 617 (1987) ("section [1982] was intended to
protect from discrimination identifiable classes of persons who are subjected to

Additionally, in § 1985 cases where the alleged conspirators are private actors rather than government actors, the plaintiff must allege that the conspiracy was directed at rights that are constitutionally protected from private impairment. Cook v. Randolph Cnty., 573 F.3d 1143, 1156 (11th Cir. 2009); Park v. City of Atlanta, 120 F.3d 1157, 1162 (11th Cir. 1997). "The Supreme Court has identified only two rights—the rights to interstate travel and against involuntary servitude—as sufficiently serious to protect against private, as well as public, encroachment." Paletti v. Yellow Jacket Marina, Inc., 395 Fed. App'x 549, 554 (11th Cir. 2010) (citing Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 278 (1993)). FDLG, Schneider, and Rahi are all private actors. Yet, Plaintiffs have not alleged that any of the Defendants conspired to violate their rights to interstate travel or against involuntary servitude. Therefore, the Court dismisses this count not only for failure to allege violations based on race or another protected class, but also for failure to allege that private actors conspired with respect to a constitutional right protected from private impairment.

Finally, like the claim for civil conspiracy, this claim is also barred by the intracorporate conspiracy doctrine. The doctrine, described *supra*, applies to § 1985 claims. See Denney v. City of Albany, 247 F.3d 1172, 1190 (11th Cir. 2001) ("it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself."). As discussed above, FDLG's employee, Schneider cannot conspire with FDLG, and as

---

intentional discrimination solely because of their ancestry or ethnic characteristics." (citations and quotations omitted)). Accordingly, Plaintiffs' failure to allege discrimination based on race also means they have failed to state claims under §§ 1981 and 1982.

legal counsel for Rahi, FDLG and Schneider cannot conspire with Rahi.  See supra.

Accordingly, Count III fails as a matter of law, and the Court will dismiss Plaintiffs'

conspiracy to interfere with civil rights claim with prejudice.

### 4. Fraud and Negligent Misrepresentation
### (Count IV)

This count combines two causes of action: fraud and negligent

misrepresentation.  However, as both claims fail for similar reasons, the Court

discusses them together.

To plead a fraud claim, a plaintiff must allege: "(1) misrepresentation of a

material fact, (2) by someone who knew or should have known of the statement's

falsity, (3) with intent that the representation would induce another to rely and act on it,

and (4) injury suffered in justifiable reliance on the representation." Fla. Evergreen

Foliage v. E.I. Dupont de Nemours & Co., 336 F. Supp. 2d 1239, 1284 (S.D. Fla. 2004),

aff'd 470 F.3d 1026 (11th Cir. 2006).  To plead a negligent misrepresentation claim, a

plaintiff must allege that (1) there was a misrepresentation of material fact; (2) the

representation was made either without knowledge as to its truth or falsity, or under

circumstances in which the representor ought to have known of its falsity; (3) the

representor intended for the misrepresentation to induce another to act on it; and (4)

the party acting in justifiable reliance on the misrepresentation was injured. Souran v.

Travelers Ins. Co., 982 F.2d 1497, 1504 (11th Cir. 1993).  Both claims require a

misrepresentation that induces the plaintiff to act in reliance on the misrepresentation.

However, while a defendant in a fraud claim knows the misrepresentation to be false,

the defendant in a negligent misrepresentation claim believes the misrepresentation to

11

be true though it is actually false.

Plaintiffs allege that Defendants "operated in obvious concert to cause the falsified letters to be sent to the Plaintiffs and the action brought against them in [state court]." Compl. ¶ 47. The remaining allegations under Count IV consist of a conclusory list of certain elements required for the causes of action. See Compl. ¶ 37. Such "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545.

Plaintiffs have not pled any justifiable reliance on the allegedly false letters or on the Foreclosure Complaint. "Without justifiable reliance, there can be no actionable fraud." Hillcrest Pac. Corp. v. Yamamura, 727 So. 2d 1053, 1057 (Fla. Dist. Ct. App. 1991). Further, Plaintiffs have not alleged any monetary loss or other injury caused by the allegedly false representations. There can be no actionable fraud claim unless the plaintiff has "suffer[ed] some pecuniary loss or injury as the natural consequence of the conduct induced by the misrepresentation." Casey v. Cohan, 740 So. 2d 59, 62 (Fla. Dist. Ct. App. 1999). Without justifiable reliance and resulting injury, Plaintiffs cannot state a claim for fraud or negligent misrepresentation. For these reasons, Count IV must fail for failure to state a claim upon which relief can be granted.

### 5. Unfair Debt Collection Practices, 15 U.S.C. § 1692 *et seq.* (Count V)

The Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

consumers against debt collection abuses." 15 U.S.C. § 1692e.  Specifically, "[t]he FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures." Acosta v. Campbell, 309 Fed. App'x 315, 319 (11th Cir. 2009) (citing 15 U.S.C. §§ 1692d, 1692e, 1692f.)

Plaintiffs argue that Defendants' activities relating to the Foreclosure Action constitute a violation of the FDCPA.  However, the FDCPA only regulates debt collection activity. See 15 U.S.C. § 1692a(6); 15 U.S.C. § 1692f; see also Warren v. Countrywide Home Loans, Inc., 342 Fed. App'x 458, 460-62 (11th Cir. 2009).  As Plaintiffs note, the FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  Contrary to Plaintiffs' assertions, see Compl. ¶¶ 49-52, this definition does not apply to Defendants.  The Eleventh Circuit holds that a mortgage foreclosure action is not a debt collection activity under the FDCPA. Warren, 342 Fed. App'x at 461 (holding that enforcing a security interest through the foreclosure process is not debt collection for FDCPA purposes).  Similarly, filing a foreclosure complaint is not actionable under the FDCPA. Vega v. McKay, 351 F.3d 1334, 1337 (11th Cir. 2003) (holding that complaint package was not actionable under the FDCPA because it did not constitute an "initial communication").

Finally, the Foreclosure Action and pre-suit letters cannot form the basis for an

13

FDCPA claim as a matter of law.  The Eleventh Circuit holds that a legal action, its pleadings, and related papers and correspondence cannot constitute "communications" under the FDCPA.  See Acosta, 309 Fed. App'x at 319 ("a communication issued from foreclosing party, or its counsel, regarding the foreclosure, does not violate 15 U.S.C. § 1692c(b), as such a communication is not subject to the FDCPA"); Vega, 351 F.3d at 1337 ("the term 'communication' as used does not include a 'legal action or pleading.'").  Therefore, Plaintiffs' FDCPA claim fails as a matter of law, and the Court will dismiss Count V with prejudice.

### 6. Declaratory Judgment, 28 U.S.C. §§ 2201-2202
### (Count VI)

The federal Declaratory Judgment Act is procedural only; it does not create a substantive cause of action.  Nationwide Mut. Co. v. Ft. Myers Total Rehab Center, Inc., 657 F. Supp. 2d 1279, 1291-92 (M.D. Fla. 2009).  "If there is an underlying ground for federal court jurisdiction, the Declaratory Judgment Act allows parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action."  Id.  The Act "does not create remedies otherwise unavailable to the plaintiffs" in the anticipated coercive action.  Bolin v. Sears, Roebuck & Co., 231 F.3d 970, 977 (5th Cir. 2000).

Plaintiffs have not established an underlying ground for federal jurisdiction under any other count in the Complaint.  Therefore, Plaintiffs' claim for declaratory judgment must fail at this time, and the Court will dismiss Count VI for failure to state a claim upon which relief can be granted.

14

### 7. Defendant's Remaining Arguments for Dismissal With Prejudice

Finally, both Motions to Dismiss seek dismissal of Plaintiffs' entire Complaint with prejudice.  As discussed above, Counts III, IV, and V have already been dismissed with prejudice.  The Court will go on to evaluate Defendants' arguments for dismissal with prejudice because these arguments affect Plaintiffs' right to replead Counts I, II, and VI.

FDLG and Schneider argue that Plaintiffs' Complaint is an impermissible attempt to request federal intervention into a state court proceeding, and that Plaintiffs' state law claims are barred by Florida's litigation privilege.  FDLG & Schneider's Mot. to Dismiss at 18-21. Rahi contends that Plaintiffs' claims are compulsory counterclaims that Plaintiffs should have raised in the Foreclosure Action.  Rahi's Mot. to Dismiss at 11-12.

FDLG and Schneider's argument regarding federal intervention into a state court proceeding is premised upon their assumption that "Plaintiffs' real objective is to obtain a federal district court stay of a state court foreclosure action."  FDLG & Schneider's Mot. to Dismiss at 18.  In the event that this assumption is correct, the Court agrees that the federal Anti-Injunction Act, 28 U.S.C. § 2283, precludes such relief.   28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").  However, the Court does not read the Complaint as an attempt to obtain a federal court stay of the Foreclosure Action.  Though the Complaint does say, "Plaintiff seeks a mandatory injunction prohibiting the commencement or continuation of any further actions against the Plaintiff or Plaintiffs' property," Compl. ¶ 2, it also states, "This is a civil action to recover **money damages** against Defendants . . .," id., and seeks "Declaratory Relief . .

15

. that . . . [Defendants'] conduct . . . was willful and committed with extreme malice in bringing actions against Plaintiffs and Plaintiffs' property . . .," id. The final "wherefore" paragraph requests damages, fees, and costs, but not a stay. Compl. at 14. Based on this language, the Court reads the Complaint as an attempt to assert claims based on Defendants suing Plaintiffs in the Foreclosure Action.

To this extent, the remaining claims must be dismissed with prejudice because of Florida's litigation privilege. Florida recognizes an absolute litigation privilege that "must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." Levin, Middlebrooks, et al. v. U.S. Fire Insurance Co., 639 So. 2d 606, 608 (Fla. 1994). According to the Florida Supreme Court, this "privilege applies across the board to actions in Florida, both to common law causes of action, those initiated pursuant to statute, or of some other origin." Echevarria, et al. v. Cole, 950 So. 2d 380, 384 (Fla. 2007). Plaintiffs' Complaint is based on Defendants' pre-suit letters and subsequently filed Foreclosure Action. As such, this conduct occurred during the course of a judicial proceeding. Therefore, the remaining state law claims that were not dismissed with prejudice above, reckless and intentional infliction of emotional distress (Count I) and fraud and negligent misrepresentation (Count II), are barred by Florida's absolute litigation privilege insofar as they are based on the pre-suit letters and the Foreclosure Action. The only outstanding claim that has not been dismissed with prejudice, declaratory judgment (Count VI), cannot stand on its own. See supra. Therefore, all three remaining claims must be dismissed with prejudice to the extent that rely on Defendants' conduct occurring in the course of the Foreclosure Action proceedings.

Finally, the Court agrees with Rahi that Plaintiffs' claims constitute compulsory counterclaims that belong in the Foreclosure Action.  Florida courts apply the "logical relationship test" to determine whether a claim is compulsory.  Londono v. Turkey Creek, Inc., 609 So. 2d 14, 19 (Fla. 1992) (rejecting the "transaction or occurrence test" in favor of the "logical relationship test").  According to the "logical relationship test," "[a] claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant."  Id. (quoting Neil v. S. Fla. Auto Painters, Inc., 397 So. 2d 1160, 1164 (Fla. Dist. Ct. App. 1981).  In the Foreclosure Action, Defendants sent Plaintiffs two pre-suit letters and then filed a lawsuit to enforce Rahi's security interests on Plaintiffs' property.  Plaintiffs bring the instant action based on the two pre-suit letters and the subsequent Foreclosure Action.  Thus, the same aggregate of operative facts serves as the basis of both Rahi's claims in the Foreclosure Action and Plaintiffs' claims in the instant action.  As a result, the claims in the instant action meet the "logical relationship test," and Plaintiffs may not bring their compulsory counterclaims as a separate federal action.  See Petillo v. World Savings Bank, FSB, 2009 WL 2178953, at *5 (M.D. Fla. 2009) (applying Florida's "logical relationship test" and finding that federal action bringing compulsory counterclaim to state action was barred).  Therefore, any remaining claims must be dismissed from this case.  Insofar as the Foreclosure Action will allow it, Plaintiffs should bring any remaining claims before the state court.

17

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    Defendant Rahi Real Estate Holdings, LLC's Motion to Dismiss [DE 6] is

      **GRANTED**;

2.    Defendants Florida Default Law Group, P.L. and Robert Schneider's Joint Motion

      to Dismiss [DE 17] is **GRANTED**;

3.    Plaintiffs Tessie M. Robb and Barney Robb's Motion to Strike Pursuant to Rule

      12(f) F.R.C.P. [DE 19] is **DENIED**;

4.    Plaintiffs' Complaint [DE 1] is **DISMISSED**;

5.    Any pending motions are **DENIED as moot**, and the Clerk of Court is directed to

      **CLOSE** this case.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 23ʳᵈ day of May, 2011.

_James I. Cohn_

**JAMES I. COHN**
**United States District Judge**

Copies provided to:
Counsel of record via CM/ECF

Tessie M. Robb and Barney Robb, *pro se*
3709 Nyack Lane
Greenacres, Fl 33463

18